# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 14-364V
### Filed: March 26, 2015

```
*  *  *  *  *  *  *  *  *  *  *  *  *  *  *
YOLANDA ROSEBRAUGH,                         *
on behalf of her son, N.R., a minor,        *
                                            *
                    Petitioner,             *
                                            *
v.                                          *
                                            *
SECRETARY OF HEALTH                         *
AND HUMAN SERVICES,                         *
                                            *
                    Respondent.             *
                                            *
*  *  *  *  *  *  *  *  *  *  *  *  *  *  *
```

UNPUBLISHED


Special Master Gowen

Joint Stipulation on Damages and
Attorneys' Fees and Costs
Tdap; Hep A; Brachial Neuritis;
Demyelinating
Polyradiculoneuropathy.

<u>Lesley B. Harris</u>, Law Office of Lesley Harris, Santa Cruz, CA, for petitioner.
<u>Traci R. Patton</u>, United States Department of Justice, Washington, DC, for respondent.

### DECISION ON JOINT STIPULATION[1]

On April 30, 2014, Yolanda Rosebraugh ("petitioner") filed a petition on behalf of her minor son, N.R., pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2006). Petitioner alleged that as a result of receiving a Tetanus-diphtheria-acellular-pertussis ("Tdap") vaccine and a Hepatitis A ("Hep A") vaccine on April 30, 2011, he suffered brachial neuritis and/or demyelinating polyradiculoneuropathy. Stipulation ¶ 2, 4, filed Mar. 25, 2015. Further, petitioner alleged that N.R. experienced residual effects of these injuries

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

for more than six months. Petition at ¶ 12.

On March 25, 2015, the parties filed a stipulation in which they state that a decision should be entered awarding compensation.  Respondent denies that the Tdap and Hep A vaccinations caused N.R.'s brachial neuritis, demyelinating polyradiculoneuropathy, or any other injury or condition.  Stipulation at ¶ 6.  Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A.  The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties also stipulate to an award of attorneys' fees and costs in the joint stipulation for compensation and a joint stipulation concerning attorneys' fees and costs, attached hereto as Appendix B. The parties agree to a total award of attorneys' fees and costs in the amount of $17,739.00. In accordance with General Order #9, petitioner represents that she did not personally incur costs related to this proceeding. Id. at ¶ 8(b). The undersigned finds the stipulation for fees and costs reasonable and adopts it as the decision of the Court.

The parties stipulate that petitioner shall receive the following compensation:

**A lump sum of $40,000.00, in the form of a check payable to petitioner, Yolanda Rosebraugh, as guardian/conservator of N.R.'s estate.  This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

**A lump sum of $17,739.00, in the form of a check jointly payable to petitioner and to petitioner's attorney, Lesley B. Harris, pursuant to 42 U.S.C. § 300 aa-15(e), for attorneys' fees and costs.**

Id. at ¶ 8.

The undersigned approves the requested amount for petitioner's compensation and attorneys' fees and costs.  Accordingly, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

> **s/ Thomas L. Gowen**
> Thomas L. Gowen
> Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| YOLANDA ROSEBRAUGH, on behalf of her son, N.R., a minor, ) ) ) | |
| Petitioner, ) v. ) ) | No. 14-364V Special Master Gowen ECF |
| SECRETARY OF HEALTH AND HUMAN SERVICES, ) ) ) | |
| Respondent. ) ) | |

STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of her son, N.R., petitioner filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to N.R.'s receipt of Tetanus-diphtheria-acellular-pertussis ("Tdap") and Hepatitis A ("Hep A") vaccines, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. N.R. received Tdap and Hep A immunizations on April 30, 2011.

3. The vaccines were administered within the United States.

4. Petitioner alleges that N.R. suffered "brachial neuritis and/or demyelinating polyradiculoneuropathy" as a result of the Tdap and/or Hep A vaccines.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of N.R. as a result of his condition.

6. Respondent denies that the Tdap and/or Hep A vaccines caused N.R. to suffer brachial neuritis, demyelinating polyradiculoneuropathy, or any other injury or condition.

7.  Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8.  As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

a.   A lump sum of $40,000.00 in the form of a check payable to petitioner as guardian/conservator of N.R.'s estate.  This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a); and

b.   A lump sum of $14,804.00, in the form of a check payable jointly to petitioner and petitioner's attorney, Lesley B. Harris, pursuant to 42 U.S.C. § 300aa-15(e), for attorneys' fees and costs.  In compliance with General Order #9, petitioner represents that she incurred no out-of-pocket expenses in proceeding on the petition.

9.  Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

10.  Payments made pursuant to paragraph 8 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

11. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, the money provided pursuant to this Stipulation will be

2

used solely for the benefit of N.R. as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

12. Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as guardian/conservator of N.R.'s estate under the laws of the State of California. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as guardian/conservator of N.R.'s estate. If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of the estate of N.R. at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian/conservator of the estate of N.R. upon submission of written documentation of such appointment to the Secretary.

13. In return for the payments described in paragraph 8, petitioner, in her individual capacity and as legal representative of N.R., on behalf of herself, N.R., and his heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of N.R. resulting from, or alleged to have resulted from, any of the vaccinations administered on April 30, 2011, as alleged by petitioner in a petition for vaccine compensation

filed on or about April 30, 2014, in the United States Court of Federal Claims as petition No. 14-364V.

14.  If N.R. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15.  If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16.  This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended.  There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to.  The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17.  This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the Tdap and/or Hep A vaccines caused N.R. to suffer brachial neuritis, demyelinating polyradiculoneuropathy, or any other injury or condition.

18.  All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representatives of N.R.

END OF STIPULATION

/

/

/

/

/

/

/

/

/

/

/

/

/

/

/

/

/

/

/

Respectfully submitted,

**PETITIONER:**

YOLANDA ROSEBRAUGH

**ATTORNEY OF RECORD FOR
PETITIONER:**

LESLEY B. HARRIS
LAW OFFICE OF LESLEY HARRIS
55 River Street, Suite 100
Santa Cruz, CA  95060
Tel: (831) 458-0502

**AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:**

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC  20044-0146

**AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:**

A. MELISSA HOUSTON, M.D., M.P.H., FAAP
Director, Division of Injury Compensation
         Programs (DICP)
Healthcare Systems Bureau
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

**ATTORNEY OF RECORD FOR
RESPONDENT:**

TRACI R. PATTON
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 353-1589

Dated: March 25, 2015

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**OFFICE OF SPECIAL MASTERS**

| | | |
|---|---|---|
| YOLANDA ROSEBRAUGH, on behalf of her son, N.R., a minor, | ) ) ) | |
| Petitioner, | ) ) | No. 14-364V |
| v. | ) ) | Special Master Gowen |
| | ) | ECF |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) ) ) | |
| Respondent. | ) ) ) | |

**STIPULATION OF FACTS CONCERNING ATTORNEY'S FEES AND COSTS**

It is hereby stipulated by and between the parties, the following factual matters:

1. Lesley B. Harris is the attorney of record for petitioner.

2. The parties filed a stipulation on March 25, 2015, which included an award of $40,000.00 to petitioner for all damages that would be available under 42 U.S.C. § 300aa-15(a), and an award of $14,804.00 for attorney's fees and costs available under 42 U.S.C. § 300aa-15(e).

3. After the settlement was approved, Ms. Harris incurred an additional $2,935.00 in fees and costs, and respondent does not object to the additional fees and costs.

4. The parties jointly request that the Special Master award petitioner an additional $2,935.00 in attorney's fees and costs, in the form of a check payable jointly to petitioner and petitioner's attorney, Lesley Harris.

5. Nothing in this Stipulation, including the amounts set forth in paragraph 2 and 4, should be construed as an admission, concession, or waiver by either party as to any of the matters raised by petitioner's request for attorneys' fees and costs, including but not limited to the hourly rates requested, the number of hours requested, and other litigation-related costs.

Respectfully submitted,

s/ Lesley B. Harris_____          s/ Traci R. Patton_____
LESLEY B. HARRIS                         TRACI R. PATTON
LAW OFFICE OF LESLEY HARRIS              Senior Trial Attorney
55 River Street, Suite 100               Torts Branch, Civil Division
Santa Cruz, CA   95060                   U.S. Department of Justice
Tel:   (831) 458-0502                    P.O. Box 146, Benjamin Franklin Station
                                         Washington, D.C. 20044-0146
                                         Tel: (202) 353-1589

DATED:   March 25, 2015